IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-013 |
| | ) | |
| TONYA MICHELLE TYSON | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant with the investigative reports, scientific reports (if any), and other documents which are material to the case, excepting attorney and agent work product. (Doc. no. 173, p. 1.) All known statements by Defendant, as well as any criminal record, have also been provided. (Id. at 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## MOTION FOR PRE-TRIAL JAMES HEARING

Defendant moves for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. To lay the proper foundation for admission of a co-conspirator statement pursuant to Federal Rule of Evidence 801(d)(2)(E) and under the standard enunciated in United States v. James, 590 F.2d 575, 582 (5th Cir. 1978) (*en banc*), "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." United States v. Harrison, 246 F. App'x 640, 651 (11th Cir. 2007). However, as the trial court may consider both co-conspirator statements and independent external evidence in making a determination on admissibility, a pre-trial determination under James is not required. United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005); United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991). Thus, the required finding need not be made pre-trial and can be made at the close of the government's case in chief. United States v. Johnson, No. 2:12cr84-MHT, 2012 WL 5392267, at *2 (M.D. Ala. Nov. 5, 2012) (citing United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984)). Indeed, the Supreme Court has ruled that a trial court may examine hearsay statements prior to admission when making a preliminary factual determination under Rule 801(d)(2)(E) and further explained, "the

judge should receive the evidence and give it such weight as his judgment and experience counsel." Bourjaily v. United States, 483 U.S. 171, 181 (1987) (citation omitted).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial.  Therefore, the Court **DENIES** the motion for a pre-trial James hearing.  (Doc. no. 146.)

### MOTION FOR A BILL OF PARTICULARS

Defendant is charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of Use of a Communication Facility in Causing or Facilitating the charged conspiracy, in violation of 21 U.S.C. § 843(b).  Defendant filed this motion seeking from the government information concerning the exact time, date and place the alleged crimes as set forth in the indictment occurred, to include the date Defendant joined the conspiracy; the exact manner in which Defendant is alleged to have participated in the charged conspiracy; and, the places at which each overt act on which the prosecution intends to rely at trial were allegedly performed. (Doc. no. 148, pp. 4-5.)

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment.  The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a

3

defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to her substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). The indictment in the case is specific and supports each of the requisite elements of the charged offenses. In addition, the government has provided liberal discovery consisting of the investigative reports, scientific reports (if

any), and other documents which are material to the case, excepting attorney and agent work product.  (Doc. no. 173, p. 1.)  Because the government appears to have provided all information essential for trial preparation by the defense, the Court **DENIES** Defendant's motion.  (Doc. no. 148.)

### MOTION TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY

Defendant moves to compel disclosure by the government of any promises for immunity, leniency or preferential treatment made to any prosecution witness, informant or cooperating defendant, including copies of applicable indictments and plea agreements.  The government has agreed to provide this material to the defense pursuant to its continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), (doc. no. 173, pp. 2, 5), thereby making this motion **MOOT**.  (Doc. no. 149.)

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b).  This motion is **MOOT** (doc. no. 150) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

### MOTION TO WITHDRAW MOTION TO ADOPT

As the Court previously granted Plaintiff's motion to adopt the motion of other Defendants, (doc. nos. 159, 164), the motion to withdraw this motion that has already been

5

ruled upon is **MOOT**.  (Doc. no. 179.)

SO ORDERED this 25th day of March, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA